**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MOM CA Investco LLC, *et al.*,[1] | Case No. 25-10321 (BLS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 611** |

**ORDER PURSUANT TO SECTION 1112(A) AND (B) OF THE BANKRUPTCY CODE, (I) CONVERTING THE DEBTORS' CASES TO CASES UNDER CHAPTER 7; (II) GRANTING THE REAL PROPERTY LENDERS RELIEF FROM THE AUTOMATIC STAY, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Emergency Motion of Mohammad Honarkar and 4G Wireless, Inc. for Entry of an Order Dismissing or Converting the Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 611] (the "Motion") and the *Debtors' Statement Regarding Conversion* (the "Statement")[2] by the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"), (i) for an order (the "Order"), pursuant to section 1112(a) and (b) of the Bankruptcy Code, either dismissing the Chapter 11 Cases or converting the Chapter 11 Cases to cases under chapter 7, and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*

---

[1] The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], 837 Park Avenue, LLC [3229], and Terra Laguna Beach, Inc. [2344] (interim). The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Statement.

dated February 29, 2012; and the Motion being a core matter pursuant to 28 U.S.C. § 157(b)(2) and the entry of a final order being consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and of the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and adequate notice of the Motion having been given under the circumstances, and no other or further notice needed; and the relief requested being in the best interests of the Debtors' estates, their creditors, and other parties in interest,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED to the extent set forth herein.

2. As of the date of the entry of this Order (the "Conversion Date"), the Chapter 11 Cases shall be converted to cases under chapter 7 of the Bankruptcy Code.

3. For the avoidance of doubt, all assets and equity of the estates, including all claims and causes of action, are preserved for the Debtors' estates to be pursued by a chapter 7 trustee for the benefit of the Debtors' estates.

4. As of the date of the entry of this Order, Enterprise Bank & Trust, Banc of California, PMF CA REIT, LLC, Lone Oak Fund, LLC, Wilshire Quinn Income Fund, LLC, Preferred Bank, and Pacific High Yield Fund I, LLC (collectively, the "Real Property Lenders") are hereby granted relief from the automatic stay *as to their respective collateral* to: (i) control and administer their respective Properties,[3] including any action for the upkeep, maintenance,

---

[3] "Properties" and each a "Property" shall mean the real property at the following addresses: 749 Gaviota (729 Ocean Front; 683 Sleepy Hollow Ln, Laguna Beach; 689 Sleepy Hollow Ln, Laguna Beach; 150-154 Cliff Dr, Laguna Beach; 694 N Coast Hwy, Laguna Beach; 805-859 Laguna Canyon Rd, Laguna Beach; 891 Laguna Canyon Rd, Laguna Beach; 777 Laguna Canyon Rd, Laguna Beach; 775-793 Laguna Canyon Rd, Laguna Beach; 305-397 North Coast Highway, Laguna Beach; 2711 Pacific Coast Hwy (2713 w Coast Hwy), Corona Del Mar; 696 S Coast Hwy, Laguna Beach; 688-690 S Coast Hwy, Laguna Beach; 314 Harvard Blvd, Los Angeles; 4110 West 3rd Street, Los Angeles; 837 Park Ave, Laguna Beach; 106 W Pennsylvania Ave, Redlands; 421 S Coast Hwy, Laguna Beach; and 4251,4225,4253 Martingale Way, 1701 Corinthian Way, 4200,4220,4250 Scott Drive, 1660 Dove Street, Newport Beach.

preservation, and disposition of same; (ii) collect and recover rents, revenue, and profits from their respective Properties and apply the same to their respective claims; (iii) recover rents and revenue from their respective Properties held by third parties and security deposits (which the chapter 7 trustee shall turn over to the respective Real Property Lender); (iv) maintain unlawful detainer and ejectment actions; (v) seek the appointment of a separate rents and profits receiver for the respective Properties under state law to, among other things, initiate and close a sale of each of the Properties free and clear of all liens, claims, and encumbrances, as authorized by state law and/or as set forth in a state court order governing the receivership, *provided, however*, the rents and profits receiver for the Property of Debtor Hotel Laguna, LLC, may also serve as the rents and profits receiver for other collateral related to the Hotel Laguna; (vi) serve, record, and/or publish notices, demands, and process pertaining to the respective Properties, including notices of default and notices of sale; (vii) commence, continue, and prosecute the foreclosure or sale of the respective Properties; and (viii) apply proceeds resulting from the respective sale(s) of the respective Properties to the respective claim(s) of the Real Property Lenders or take and record title to such collateral, whether obtained by foreclosure or deed in lieu.

5. Proceeds, if any, from the sale of the Properties shall be distributed in the following order: (i) reasonable costs of receivership, including reasonable costs related to the foreclosure sale(s) and payment of any outstanding real property taxes; (ii) payment of the respective Real Property Lenders' first lien claims in full; and (iii) to the chapter 7 trustee, who shall have sole authority to distribute the remainder of the proceeds pursuant to the Bankruptcy Code. For the avoidance of doubt, the proceeds the chapter 7 trustee receives from the Properties will attach to those liens on and interests in the collateral junior or otherwise subordinate to those of the Real Property Lenders', to the extent such liens and interests are valid. Further, the completion of a

foreclosure sale of a Property immediately and automatically terminates any interest of the chapter 7 trustee, the estates, or the Debtors in the respective Property.

6. The proceeds received by the chapter 7 trustee shall be administered by the chapter 7 trustee pursuant to the Bankruptcy Code, *provided, however,* the chapter 7 trustee may challenge any liens, claims, or interests asserted against the estates, as permitted under the Bankruptcy Code.

7. Notwithstanding anything in this Order, the Chapter 11 Case of Debtor Terra Laguna Beach, Inc. shall remain in chapter 11 and shall not be converted to a case under chapter 7, *provided, however,* the Debtors may seek to convert or close the Chapter 11 Case of Debtor Terra Laguna Beach, Inc. after September 1, 2025.

8. The Real Property Lenders and/or any receiver appointed by the Real Property Lenders may utilize and retain Hilco Real Estate, LLC, the Debtors' current real estate broker, or any other broker retained by the Debtors in the Chapter 11 Cases, before or after any foreclosure sale of any Property.

9. For the avoidance of doubt, the chapter 7 trustee shall not interfere in the control, administration, or foreclosure sales of a Property controlled by a rents and profits receiver, except as noted above in paragraph 4 in relation to proceeds from the sale of the Properties.

10. For the avoidance of doubt, the property of the Debtors' estates to be administered by the chapter 7 trustee shall not include any amounts in the professional fee escrow account as of the Conversion Date. Such escrow will be held exclusively for the chapter 11 estates' professionals.

11. All litigation and any discovery commenced against the estates during these Chapter 11 Cases, including but not limited to the adversary proceeding styled as *Mohammad*

*Honarkar and 4G Wireless, Inc. v MOM CA Investco LLC*, et al., Adv. Pro. No. 25-50959, shall be stayed for thirty (30) days subject to further order from this Court.

12. Each professional retained by the Debtors (such professionals, collectively, the "<u>Professionals</u>") shall file final statements and applications for compensation (collectively, the "<u>Fee Applications</u>") on or before twenty-one (21) days after the Conversion Date (the "<u>Final Fee Application Deadline</u>"). Objections, if any, to a Fee Application must be filed and served on counsel to the Debtors, the chapter 7 trustee once appointed, and the party filing such Fee Application, so as to be actually received on or before twenty-one (21) days after the Final Fee Application Deadline. A hearing on such final Fee Applications, if necessary, shall be held before this Court on a date to be scheduled by the Court.

13. The Debtors shall:

    a. within seven (7) days of the Conversion Date, turn over to the chapter 7 trustee all records and property of the estates under their custody and control as required by Rule 1019(4) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>");

    b. within fifteen (15) days of the Conversion Date, as required by Bankruptcy Rule 1019(5), file a schedule of unpaid debts incurred after the Petition Date and before the conversion date, which schedule shall include the name and address of each creditor holding any such debt; and

    c. within thirty (30) days of the Conversion Date, as required by Bankruptcy Rule 1019(5), file and transmit a final report and account to the Office of the United States Trustee.

14. Subject to compliance with Del. Bankr. L.R. 2002-1(e)(x)-(xi), on the Conversion Date, Stretto, Inc. shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' Chapter 11 Cases and will have no further obligations to the Court, the Debtors, the chapter 7 trustee, or any party in interest with respect to the Debtors' Chapter 11 Cases or the chapter 7 cases.

15. A representative of the Debtors, and, if so requested by the chapter 7 trustee, counsel to the Debtors in these Chapter 11 Cases, shall appear at the First Meeting of Creditors pursuant to 11 U.S.C. §§ 341(a) & 343 and such representative shall be available to testify at such hearing.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.